### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHOR LEGAL INSTITUTE ) <br> 712 South Willson Avenue ) <br> Bozeman, MT 59715, ) <br> ) <br>      *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF EDUCATION, ) <br> 400 Maryland Avenue, S.W. ) <br> Washington, DC 20202, ) <br> ) <br>      *Defendant*. ) <br> _____) | Civil Action No. |

### COMPLAINT

Plaintiff Zachor Legal Institute brings this action against Defendant U.S. Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Zachor Legal Institute is a legal think tank and advocacy organization that fights discrimination (anti-Semitism) and the delegitimization of Israel.

4. Defendant U.S. Department of Education is an agency of the U.S. Government and is headquartered at 400 Maryland Avenue, S.W., Washington, D.C. 20202. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5. On March 20, 2024, Plaintiff submitted a FOIA request to Defendant seeking access to the following public records:

> A. Inquiries, reports and memorandum of the Department of Education with regard to the funding and operations of Georgetown University's campus in Doha, Qatar;
>
> B. Inquiries, reports and memorandum of the Department of Education with regard to the funding and operations of the Georgetown Center for Contemporary Arab Studies in Washington, DC, Qatar, which is funded, in part, by grants from the United States Government's Department of Education;
>
> C. Inquiries, reports and memorandum of the Department of Education with regard to the funding and operations of Northwestern University's campus in Doha, Qatar;
>
> D. Inquiries, reports and memorandum of the Department of Education with regard to the funding and operations of Weill Cornell Medicine's campus in Doha, Qatar;
>
> E. Department of Education correspondence with Harvard College regarding grants, gifts and funding from Qatar Foundation and the government of Qatar; and
>
> F. Department of Education correspondence with the University of Michigan, regarding grants, gifts and funding from Qatar Foundation and the government of Qatar.

The time frame for this request is February 1, 2019 to March 20, 2024.

6. By letter dated March 21, 2024, Defendant acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned tracking number 24-01444-F.

7. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the Defendant intends to produce or

withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by April 18, 2024, at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 17, 2024                      Respectfully submitted,

                                                    */s/ Michael Bekesha*
                                                    Michael Bekesha (D.C. Bar No. 995749)
                                                    JUDICIAL WATCH, INC.
                                                    425 Third Street S.W., Suite 800
                                                    Washington, DC 20024
                                                    Phone: (202) 646-5172
                                                    mbekesha@judicialwatch.org

                                                    *Counsel for Plaintiff*