UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHOR LEGAL INSTITUTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendant. | Civil Action No. 25-0093 (TJK) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered June 13, 2025, Plaintiff Zachor Legal Institute ("Plaintiff"), and Defendant Department of Education ("Defendant"), (collectively "the parties") respectfully submit this joint status report in this Freedom of Information Act ("FOIA") case.

1.　This lawsuit involves Plaintiff's March 20, 2024 FOIA request seeking public records consisting of inquiries, reports, and memorandums regarding Georgetown University's campus in Doha, Qatar, Georgetown Center for Contemporary Arab Studies in Washington, DC, the Northwestern University's campus in Doha, Qatar, correspondence with Harvard College regarding grants, gifts and funding from Qatar Foundation and the government of Qatar, and correspondence with the University of Michigan regarding grants, gifts and funding from Qatar Foundation and the government of Qatar for the period of February 1, 2019 through March 20, 2024. *See* Compl. (ECF No. 1) ¶ 5.

**DEFENDANT'S STATEMENT**

2.　The Department reports that it issued its final production on June 27, 2025. That same day, Plaintiff inquired about memoranda, reports, or communications between the

Department and the institutions that are the subject of Plaintiff's FOIA request. *See* RE: Final Response FOIA Request 24-01444-F (June 27, 2025) ("Defendant's Exhibit A"). On July 13, 2025, Plaintiff proposed that the Department provide draft search declarations or move for a summary judgment briefing schedule. *See id*. at 4. On July 28, 2025, the undersigned counsel emailed Plaintiff's counsel, inquiring about Plaintiff's outstanding concerns in preparation for the instant status report. *See id*. at 3. Plaintiff's counsel re-issued the request for search declarations or a summary judgment briefing schedule. *See id*. The undersigned counsel informed Plaintiff's counsel that the Department does not provide draft search declarations and agreed to investigate Plaintiff's concern regarding non-public communications between the Department and the institutions. *See id*. Plaintiff declined this offer and suggested a summary judgment briefing schedule. *See id*. at 2. The undersigned counsel explained that she is unable to agree to a briefing schedule at this time because she is unable to confer with agency counsel due to agency counsel's pre-planned leave. *See id*. To prepare a motion for summary judgment in a FOIA case, the government requires the active participation of the agency responsible for the FOIA response, as that agency will prepare a declaration to describe its conduct in the FOIA matter, and also, if appropriate, prepare a *Vaughn* index. Further, the undersigned counsel informed Plaintiff's counsel that she has been and remains on sick leave with a severe cold. *See id*.

3.     The Department requests a reasonable amount of time to investigate Plaintiff's concern regarding non-public communications between the Department and the institutions outlined in Plaintiff's FOIA request. The Department respectfully proposes filing a joint status report in twenty-one days on or before August 19, 2025, informing the Court of the Department's investigation and proposing a summary judgment briefing schedule. This approach should allow the undersigned to recover from her illness, for agency counsel to return from leave and provide

input on how promptly the agency will be able to prepare necessary supporting materials for the summary judgment brief, and for the parties to attempt to address Plaintiff's concerns concerning non-public communications between the Department and the subject institutions, so that hopefully the parties can avoid burdening the Court unnecessarily with such issues.

**PLAINTIFF'S STATEMENT**

4.     Plaintiff opposes Defendant's request for additional delay.  Defendant proposes an additional 21 days to "inform[] the Court of the Department's investigation and proposing a summary judgment briefing schedule."  However, Defendant does not provide any reason whatsoever why Defendant needs an additional 21 days as it has known about Plaintiff's concerns for at least two weeks.  As is plainly evident from the email chain attached as Defendant's Exhibit A,[1] the need is entirely of Defendant's own making.

5.     On June 27, 2025, Defendant issued its final determination.  The final determination was sent by DeShawn Middleton, the Director of Privacy, Appeals, and Outreach at the Office of the Deputy Secretary of the U.S. Department of Education.  The determination was sent by email to Plaintiff, Plaintiff's counsel, and Defendant's counsel.  Less than three hours after the determination was sent, Plaintiff emailed Defendant, Plaintiff's counsel, and Defendant's counsel about concerns Plaintiff had with the adequacy of the search.  On July 13, 2025, Plaintiff's counsel emailed Defendant's counsel reiterating the concerns addressed in Plaintiff's email and asked if Defendant would be willing to provide a draft search declaration.  After not hearing from Defendant's counsel, Plaintiff's counsel re-sent his email on July 25, 2025.  Plaintiff's counsel re-sent the email for a second time on July 28, 2025.

---

[1]     Plaintiff opposes the inclusion of the emails,

6. Once Defendant's counsel finally responded to the email 15 days later, Defendant's counsel indicated that generally Defendant does not provide search declarations outside of summary judgment briefing and that she cannot agree to a proposed briefing schedule because agency counsel is on leave. Defendant's counsel therefore proposed the parties file another status report in 30 days.[2]

7. Defendant has known since June 27, 2025 that Plaintiff has concerns about Defendant's search for responsive records. It is not Plaintiff's fault that Defendant's counsel waited until the day before the joint status report is due and agency counsel is on leave to respond to Plaintiff's counsel's email. Nor does Plaintiff believe that its concerns about the adequacy of the search can be resolved without a draft search declaration. Therefore, to avoid excessive delay and to efficiently resolve this case in a timely manner, Plaintiff requests the Court set a briefing schedule for cross-motions for summary judgment with Defendant's opening brief due within 45 days.

Dated: July 29, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024

Phone: (202) 646-5172
mbekesha@judicialwatch.org

Counsel for Plaintiff

By: /s/ Kimberly A. Stratton
    KIMBERLY A. STRATTON
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

---

[2] Defendant now only asks for 21 additional days of delay.

# Exhibit A

| | |
|---|---|
| **From:** | Michael Bekesha |
| **To:** | Stratton, Kimberly (USADC) |
| **Subject:** | [EXTERNAL] Re: Final Response FOIA Request 24-01444-F |
| **Date:** | Monday, July 28, 2025 2:46:25 PM |
| **Attachments:** | image001.png |

Here ya go.  Of course, I reserve the right to amend it in light of whatever Defendant's position is.

      Plaintiff opposes Defendant's request for additional delay.  On June 27, 2025, Defendant issued its final determination.  The final determination was sent by DeShawn Middleton, the Director of Privacy, Appeals, and Outreach at the Office of the Deputy Secretary of the U.S. Department of Education.  The determination was sent by email to Plaintiff, Plaintiff's counsel, and Defendant's counsel.  Less than three hours after the determination was sent, Plaintiff emailed Defendant, Plaintiff's counsel, and Defendant's counsel about concerns Plaintiff had with the adequacy of the search.  On July 13, 2025, Plaintiff's counsel emailed Defendant's counsel reiterating the concerns addressed in Plaintiff's email and asked if Defendant would be willing to provide a draft search declaration.  After not hearing from Defendant's counsel, Plaintiff's counsel re-sent his email on July 25, 2025.  Plaintiff's counsel re-sent the email for a second time on July 28, 2025.

      Once Defendant's counsel finally responded to the email 15 days later, Defendant's counsel indicated that generally Defendant does not provide search declarations outside of summary judgment briefing and that she cannot agree to a proposed briefing schedule because agency counsel is on leave.  Defendant's counsel therefore proposes the parties file another status report in 30 days.

      Defendant has known since June 27, 2025 that Plaintiff has concerns about Defendant's search for responsive records.  It is not Plaintiff's fault that Defendant's counsel waited until the day before the joint status report is due and agency counsel is on leave to respond to Plaintiff's counsel's email.  Nor does Plaintiff believe that its concerns about the adequacy of the search can be resolved without a draft search declaration.  Therefore, to avoid excessive delay and to efficiently resolve this case in a timely manner, Plaintiff requests the Court set a briefing schedule for cross-motions for summary judgment with Defendant's opening brief due within 45 days.

mb
202.646.5171

---

**From:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Sent:** Monday, July 28, 2025 2:33 PM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Final Response FOIA Request 24-01444-F

I do not know when agency counsel returns from leave. You chastising me for my delayed response is unproductive. I will wait for Plaintiff's draft. Thank you.

Kim Stratton | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Ph: (202) 417-4216 | kimberly.stratton@usdoj.gov

---

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Monday, July 28, 2025 2:29 PM
**To:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Subject:** [EXTERNAL] Re: Final Response FOIA Request 24-01444-F

Kim - It is not my client's fault that you waited until the day before the JSR to respond to my emails.  It is also not my fault that you did not reach out before agency counsel took leave.  When is agency counsel back?

mb
202.646.5171

**From:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Sent:** Monday, July 28, 2025 2:26 PM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Final Response FOIA Request 24-01444-F

The additional time is for the agency to look into Plaintiff's concern about communications between Education and the institutions that may not be publicly available. I'm not sure that I asked the agency to look into this previously. The additional time is not for the purpose of delay. If you believe that nothing short of a formal declaration will resolve Plaintiff's concerns, then please circulate a draft JSR with Plaintiff's position so that I may provide the Defendant's statement.

Kim Stratton | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Ph: (202) 417-4216 | kimberly.stratton@usdoj.gov

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Monday, July 28, 2025 2:21 PM
**To:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Subject:** [EXTERNAL] Re: Final Response FOIA Request 24-01444-F

If the agency is unwilling to provide a draft search declaration how will this case be resolved short of briefing? What will the additional delay allow for? If its simply because agency counsel is on leave, when is the leave over? You could move for an extension of time to file the JSR until counsel is back. We would not oppose.

mb
202.646.5171

**From:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Sent:** Monday, July 28, 2025 2:17 PM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Final Response FOIA Request 24-01444-F

  I understand that you are frustrated with my delayed response to your messages however, the route that you propose below doesn't seem like the best way to resolve this matter. Further, the agency will require more than 45 days to prepare a summary judgment motion and any declaration in support thereof, and for those documents to undergo our mandatory review process. Agency counsel is on leave, so I cannot propose an alternate briefing schedule in time for tomorrow's JSR. I have also been out of the office on sick leave since last week.

  I think an additional two weeks for the agency to review Plaintiff's search concerns is reasonable. I will ask the court for this time and recommend that the parties propose a briefing schedule in 30 days if we are unable to resolve Plaintiff's concerns. We can shorten it to 21 days if Plaintiff finds that agreeable. If you do not find this approach agreeable, please circulate a draft JSR for tomorrow with Plaintiff's position. I will add a separate defendant's statement outlining my recommendations in this email.

Kim Stratton | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Ph: (202) 417-4216 | kimberly.stratton@usdoj.gov

---

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Monday, July 28, 2025 2:05 PM
**To:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Subject:** [EXTERNAL] Re: Final Response FOIA Request 24-01444-F

Since you generally do not provide search declarations outside of summary judgment briefing and I first emailed you about this issue two weeks ago and no movement has been made on it, we believe it makes the most sense to propose a MSJ briefing schedule.  We propose:

Defendant's motion is due in 45 days.  Plaintiff opposition/cross-motion is due 30 days later.  Defendant's reply/opposition is due 30 days later.  And Plaintiff needs 14 days for its reply.

Thanks.

mb
202.646.5171

---

**From:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Sent:** Monday, July 28, 2025 2:00 PM
**To:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Subject:** RE: Final Response FOIA Request 24-01444-F

    Thank you for resending. Generally, we do not provide search declarations outside of summary judgment briefing.  There did not appear to be any memoranda or reports responsive to the FOIA request. I do not have a response to Plaintiff's concern regarding the existence of communications between Education and the institutions that may not be publicly available. I will ask the agency to look into this.

    For the JSR tomorrow, I would like to inform the court that Plaintiff raised concerns about the adequacy of the search and the agency is investigating Plaintiff's concerns. I would like to give the agency two more weeks to investigate and for the parties to confer. I propose filing the next JSR in 30 days.

    Please let me know your thoughts.

Kim Stratton | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Ph: (202) 417-4216 | kimberly.stratton@usdoj.gov

---

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Monday, July 28, 2025 1:50 PM
**To:** Stratton, Kimberly (USADC) <Kimberly.Stratton@usdoj.gov>
**Subject:** [EXTERNAL] Fw: Final Response FOIA Request 24-01444-F

Sending again.

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Friday, July 25, 2025 2:44 PM
**To:** Stratton, Kimberly (USADC) <kimberly.stratton@usdoj.gov>
**Subject:** Re: Final Response FOIA Request 24-01444-F

Just following up on this.  Thanks.

mb
202.646.5171

**From:** Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Sent:** Sunday, July 13, 2025 6:14 PM
**To:** Stratton, Kimberly (USADC) <kimberly.stratton@usdoj.gov>
**Subject:** Fw: Final Response FOIA Request 24-01444-F

Obviously, we have concerns about the searches.  Could we get a draft search declaration? Or does the agency prefer to go directly to MSJ briefing? Ideally, we can update the court in the July 29th JSR about which route we are taking.

Thanks.

mb
202.646.5171

**From:** Marc Greendorfer <marc@zachorlegal.org>
**Sent:** Friday, June 27, 2025 5:15 PM
**To:** Middleton, Deshawn <Deshawn.Middleton@ed.gov>; Michael Bekesha <MBekesha@JUDICIALWATCH.ORG>
**Cc:** Kimberly.Stratton@usdoj.gov <kimberly.stratton@usdoj.gov>
**Subject:** RE: Final Response FOIA Request 24-01444-F

Thank you for providing the response.  We have already seen the publicly available information that was referenced in the response but our request was not limited to publicly available information.  Does this response mean that there are no other inquiries memoranda or reports on the subject matters in our FOIA request? In particular, we understand that the 2020 Department of Education report (https://fsapartners.ed.gov/sites/default/files/2023-04/ReportonInstitutionalCompliancewithSection117oftheHigherEducationActof1965October2020.pdf) was the product of extensive work by Department of Education officials and staff, with extensive communications between that agency and the institutions referenced in the final published report.   Those records are what we were seeking.

Regards,

Marc Greendorfer

President, Zachor Legal Institute



www.ZachorLegal.org

View our scholarship on our SSRN Author page:
http://ssrn.com/author=2133013

This message may contain confidential and/or privileged information. This information is intended to be read only by the individual or entity to whom it is addressed and may not be reprinted or copied in any manner without express consent. If you are not the intended recipient, you are on notice that any review, disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete or destroy any copy of this message. Unless an attorney/client relationship has previously and explicitly been entered into between Zachor Legal Institute and the recipient(s) of this email, this email does not constitute legal advice and the sending of this email does not create an attorney/client relationship with any recipient.

---

**From:** Middleton, Deshawn <Deshawn.Middleton@ed.gov>
**Sent:** Friday, June 27, 2025 2:25 PM
**To:** Mbekesha@judicialwatch.org; Marc Greendorfer <marc@zachorlegal.org>
**Cc:** Kimberly.Stratton@usdoj.gov
**Subject:** Final Response FOIA Request 24-01444-F

Good afternoon,

Please find attached above the final response to your FOIA request. Because this request is in litigation, if you have questions regarding this response, please contact Assistant United States Attorney Kim Stratton at 202-417-4216 or Kimberly.Stratton@usdoj.gov.

Thanks,

DeShawn Middleton
Director of Privacy, Appeals, and Outreach
Office of the Deputy Secretary
U.S. Department of Education

Email: [deshawn.middleton@ed.gov]deshawn.middleton@ed.gov
Phone: (202) 377-4958