UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHOR LEGAL INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION,<br><br>Defendant. | Civil Action No. 25-0093 (TJK) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order entered July 30, 2025, Plaintiff Zachor Legal Institute ("Plaintiff"), and Defendant Department of Education ("Defendant"), (collectively "the parties") respectfully submit this joint status report in this Freedom of Information Act ("FOIA") case.

1. This lawsuit involves Plaintiff's March 20, 2024 FOIA request, which has six sub-categories (A through F) seeking: (A) public records consisting of inquiries, reports, and memorandums regarding Georgetown University's campus in Doha, Qatar; (B) Georgetown Center for Contemporary Arab Studies in Washington, DC; (C) the Northwestern University's campus in Doha, Qatar; (D) inquiries, reports, and memorandums regarding Weill Cornell Medicine's campus in Doha, Qatar; (E) correspondence with Harvard College regarding grants, gifts and funding from Qatar Foundation and the government of Qatar; and (F) correspondence with the University of Michigan regarding grants, gifts and funding from Qatar Foundation and the government of Qatar.. *See* Compl. (ECF No. 1) ¶ 5. The time frame is from February 1, 2019, through March 1, 2024.

**DEFENDANT'S STATEMENT**

2. The Department previously reported it issued its final production on June 27, 2025. *See* Joint Status Report (ECF No. 13). On August 18, 2025, during the meet and confer session for this Report, the Department confirmed to Plaintiff that it does not have records responsive to Category F of Plaintiff's request

3. The Department agrees to look into the scope of its search in connection to Categories A to D to address questions raised by Plaintiff.

4. The Department continues to investigate Plaintiff's concerns regarding records responsive to Category E, including the scope of its search.

5. The Department anticipates that it will take at least thirty days to complete the investigations described above. Thereafter, the Department needs additional time to confer with Plaintiff on the result of those investigations and narrow any disputed issues for summary judgment litigation. Plaintiff's insistence that the Department provide a "draft search declaration" is a demand of form over substance as the undersigned can certainly provide updated information on the search during a meet and confer session. The "draft search declaration" – a non-binding document – would require the Department to spend unnecessary time and resources to prepare and would not contain any additional information that the undersigned would otherwise relay to Plaintiff. The Department disagrees with Plaintiff's characterization of the parties' meet and confer process in this case and does not intend to litigate those agreements in a Joint Status Report. Finally, the Department agrees that summary judgment litigation may be necessary to resolve this case; however, given the status of the case, it is simply premature.

3. Given these developments, the Department believes setting a summary judgment briefing schedule at this juncture is premature as the agency has agreed to review its search and

proposes another Joint Status Report in forty-five days, on October 3, 2025, to apprise the Court of the status of this case and, if necessary, propose a summary judgment briefing schedule.

### **PLAINTIFF'S STATEMENT**

4. Plaintiff again opposes Defendant's request for unnecessary delay. Defendant has known since June 27, 2025 that Plaintiff has concerns about Defendant's search for responsive records. Defendant's counsel waited until yesterday, August 18, 2025, to ask for additional information about Plaintiff's concerns. Plaintiff once again reiterated that because it has no information about what searches were conducted and Defendant was unwilling until at least 5pm today, August 19, 2025, to provide such information, it does not believe this case can be resolved short of briefing.

5. Although Plaintiff appreciates Defendant stating it "can certainly provide updated information on the search during a meet and confer session," Plaintiff does not know what that means. Is Defendant conducting new searches? If so, why? What were the original searches and what are the new searches? In any event, what information will be provided at some point after an additional 30 days ("the Department needs additional time to confer with Plaintiff on the result of those investigations.")?

6. Defendant again has not agreed to provide concrete information about the searches whether by a draft search declaration or some other means. It only proposes conducting an investigation and then conferring with Plaintiff about said investigation. Plaintiff does not believe this is an efficient or effective way to resolve this case. Plaintiff therefore once again requests the Court set a briefing schedule for cross-motions for summary judgment with Defendant's opening brief due within 45 days.

| | |
|---|---|
| Dated: August 19, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney |
| /s/ Michael Bekesha<br>Michael Bekesha (D.C. Bar No. 995749)<br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Suite 800<br>Washington, DC 20024<br><br>Phone: (202) 646-5172<br>mbekesha@judicialwatch.org<br><br>*Counsel for Plaintiff* | By: */s/ Kimberly A. Stratton*<br>    KIMBERLY A. STRATTON<br>    Assistant United States Attorney<br>    601 D Street, NW<br>    Washington, DC 20530<br>    Ph: (202) 417-4216<br>    Email: kimberly.stratton@usdoj.gov<br><br>*Attorneys for the United States of America* |